ACCEPTED
14-15-00443-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/29/2015 5:11:54 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00443-CV

IN THE

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/29/2015 5:11:54 PM
CHRISTOPHER A. PRINE
Clerk

FOURTEENTH DISTRICT COURT OF APPEALS OF TEXAS

AT HOUSTON, TEXAS

## JIM-DANIELS NNAH,

*Appellant*

**v.**

## 125 INTERESTS, INC., 6219 INTERESTS, LTD n/k/a 5600 INTERESTS, LTD. and DAVID NEAL GREENBERG,

*Appellees*

On appeal from the 270th Judicial District Court
of Harris County, Texas
Trial Court Cause No. 2012-23146

## JIM-DANIELS NNAH'S APPELLANT'S BRIEF

George F. May
State Bar No. 24037050
Lori Twomey
State Bar No. 24037621
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 Telephone
(832) 201-8485 Facsimile

**Attorneys for Appellant Jim-Daniels Nnah**

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT                                   Jim-Daniels Nnah

APPELLANT'S COUNSEL

  (trial and appeal)                   George F. May
                                         george@twomeymay.com
                                         State Bar No. 24037050
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 Telephone
(832) 201-8485 Facsimile

  (appeal only)                         Lori Twomey
State Bar No. 24037621
lori@twomeymay.com
TWOMEY | MAY, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000 Telephone
(832) 201-8485 Facsimile

APPELLEES                                   6219 Interests, Ltd. n/k/a 5600 Interests, Ltd.
125 Interests, Inc., and David Neal Greenberg

APPELLEES' COUNSEL                          Andrew P. McCormick
ammccormick@mlm-lawfirm.com
State Bar No. 13457100
Laurie A. Munoz
lmunoz@mlm-lawfirm.com
State Bar No. 24071782
McCormick, Lanza & McNeel, LLP
4950 Bissonnet Street
Bellaire, Texas 77401
(713) 523-0400
(281) 752-6329 (fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

INDEX OF AUTHORITIES.............................................................................. vi

STATEMENT OF THE CASE............................................................................ vii

ISSUES PRESENTED...................................................................................... ix

I.      Under Texas law, a trial court commits error if it grants a no evidence motion for summary judgment on a claim not expressly presented in the motion. The only breach of contract issue raised by the Greenberg parties was that there was no evidence of the formation of a contract between 5600 Interests and Nnah relating to property taxes. But Nnah's pleadings never raised such a claim and instead asserted that Greenberg and 125 Interests breached their agreement to assign the Note to Nnah. *Did the trial court error in granting summary judgment on Nnah's breach of contract claim when that claim was not challenged in the no evidence motion for summary judgment?*...................................................ix

II.      Under Texas law, a trial court commits error if the non-movant on a no evidence summary judgment motion presents more than a scintilla of evidence raising a genuine issue of material fact on each challenged element and claim. Nnah presented evidence that raised genuine issues of material fact regarding whether Greenberg, 125 Interests, and 5600 Interests each acted to deprive Nnah, who was the holder of all rights under the Note by assignment, of the benefit of property taxes that had previously been paid by 5600 Interests on behalf of 125 Interests pursuant to the Note when held by 125 Interests. *Did the trial court error in granting summary judgment on Nnah's tortious interference, Texas Theft Liability Act, and declaratory judgment claims?* ...................ix

iii

III.     Under the Texas Theft Liability Act, an attorney seeking the award of attorney's fees must present evidence that the fees incurred were reasonable and necessary. The affidavit of Andrew McCormick, attorney for the Greenberg parties, generally states that he charged the Greenberg parties $325 per hour and, without providing any evidence of the basis of his conclusion, concluded that $15,000.00 was attributable to the theft claim. *Did the trial court error in awarding attorney's fees when there was no evidence as to how the fees were calculated and whether those hours were reasonable and necessary?*............................................................................ix

STATEMENT OF FACTS ...........................................................................1

SUMMARY OF THE ARGUMENT ............................................................7

ARGUMENT ..............................................................................................11

I.       The trial court erred in granting summary judgment against Nnah on his breach of contract claim because the Greenberg parties failed to challenge this claim in its no evidence motion for summary judgment ...................................................11

II.      The trial court erred in granting summary judgment against Nnah on his tortious interference, Texas Theft Liability Act, and declaratory judgment claims because not all of those claims were challenged by the Greenberg parties and, of the claims that were challenged, there are genuine issues of material fact on each element of each challenged claim. ..........................12

         A.     *The trial court improperly granted summary judgment on Nnah's tortious interference claims against Greenberg and 5600 Interests because the no evidence motion for summary judgment failed to address all of the pled interference claims and, in the alternative, the evidence raises a genuine issue of material fact on these claims* ...................................................................13

B.    *The trial court improperly granted summary judgment on Nnah's Texas Theft Liability Act claim because Nnah raised a genuine issue of material fact regarding his theft claim against 5600 Interests and the Greenberg parties no evidence motion for summary judgment failed to challenge Nnah's Theft claims against Greenberg and 125 Interests* ...................................................17

C.    *The trial court improperly granted summary judgment on Nnah's declaratory judgment claim because it was proper for Nnah to ask the trial court to declare the meaning of a provision within the Assignment* ..................................20

III.    The trial court erred in awarding Appellees Greenberg, 125 Interests, and 5600 Interests attorney's fees because Mr. McCormick's affidavit was insufficient to prove, as a matter of law, that the fees were reasonable and necessary ..................................22

CONCLUSION AND PRAYER ...........................................................24

CERTIFICATE OF COMPLIANCE....................................................27

CERTIFICATE OF SERVICE ............................................................28

APPENDIX

TAB 1 – Trial court's original order granting summary judgment

TAB 2 – Trial court's amended order granting summary judgment

TAB 3 – Trial court's order granting non-suit (making summary judgment final)

TAB 4 – Assignment of promissory note and deed of trust from 125 Interests to Jim-Daniels Nnah

TAB 5 – David Neal Greenberg admission that property taxes were paid under the note and pursuant to the deed of trust

# INDEX OF AUTHORITIES

**Cases:**

*ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426 (Tex. 1997) ..........................14

*City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013) .......................................23

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004)......................................12

*Johnson v. Brewer Pritchard*, P.C., 73 S.W.3d 193 (Tex. 2002) ...........................11

*Smith v. Smith*, 757 S.W.2d 422 (Tex. App.—Dallas 1988, writ denied) ..............23

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306 (Tex. 2009) ......................................11

**Statutes and Rules**

Tex. Civ. Prac. & Rem. Code § 37.004(a)...................................................................21

Tex. Civ. Prac. & Rem. Code § 38.004 ......................................................................23

Tex. Civ. Prac. & Rem. Code §§ 134.002-134.005....................................................18

Tex. Civ. Prac. & Rem. Code. § 134.005(b) ..............................................................23

Tex. R. Civ. Pro. 166a .................................................................................................22

Tex. R. Civ. P. 166a(c) ................................................................................................24

Tex. R. Civ. Pro. 166a(i) ..............................................................................11, 12, 13, 17

**STATEMENT OF THE CASE**

The case in the trial court below involves many different parties and claims all associated with a complex commercial real estate transaction. This appeal, in contrast, is relatively straightforward and relates solely to the Appellant Jim-Daniels Nnah's purchase, from Appellee 125 Interests, of all rights and interests in a promissory note, secured by a deed of trust and vendor's lien upon the real estate. Specifically, on appeal this case concerns whether the Appellees inappropriately obtained a "refund" of property taxes, that had been paid under the Note and pursuant to the Deed of Trust, after all rights and interests in the Note and Deed of Trust had been assigned to Nnah.

As relevant to this appeal, Appellees David Neal Greenberg, 125 Interests, Inc., and 5600 Interests, Ltd. filed a no evidence summary judgment motion covering *some*, but not all, of Appellant Nnah's breach of contract, tortious interference, Texas Theft Liability Act, and declaratory judgment claims and a traditional motion for summary judgment on their attorney's fees claims. (I C.R. at 141-75). Appellant Nnah timely filed a response to the motion attaching summary judgment evidence. (II C.R. at 176-368). The Honorable Brent Gamble, presiding judge of the 270th District Court of Harris County, Texas, granted Appellees' no evidence motion, dismissed *all* of Appellant's claims, whether challenged or not, and awarded Appellees attorney's fees under the Texas Theft Liability Act. (II

C.R. at 369-70). On January 30, 2015, the Order was amended to correct an error regarding the attorney's fees. (II C.R. at 388-89). On February 2, 2015, Nnah filed his notice of non-suit on his only remaining claims, against Harris County, which was granted on February 17, 2015. (II C.R. at 391-93). The granting of this non-suit as to Harris County made final the trial court's previous summary judgment order improperly dismissing all Nnah's remaining claims against the Greenberg parties. On March 3, 2015, Nnah filed a motion for new trial and, on May 1, 2015, Nnah timely filed a notice of appeal. (II C.R. at 404-06).

# ISSUES PRESENTED

I. Under Texas law, a trial court commits error if it grants a no evidence motion for summary judgment on a claim not expressly presented in the motion. The only breach of contract issue raised by the Greenberg parties was that there was no evidence of the formation of a contract between 5600 Interests and Nnah relating to property taxes. But Nnah's pleadings never raised such a claim and instead asserted that Greenberg and 125 Interests breached their agreement to assign the Note to Nnah. *Did the trial court error in granting summary judgment on Nnah's breach of contract claim when that claim was not challenged in the no evidence motion for summary judgment?*

II. Under Texas law, a trial court commits error if the non-movant on a no evidence summary judgment motion presents more than a scintilla of evidence raising a genuine issue of material fact on each challenged element and claim. Nnah presented evidence that raised genuine issues of material fact regarding whether Greenberg, 125 Interests, and 5600 Interests each acted to deprive Nnah, who was the holder of all rights under the Note by assignment, of the benefit of property taxes that had previously been paid by 5600 Interests on behalf of 125 Interests pursuant to the Note when held by 125 Interests. *Did the trial court error in granting summary judgment on Nnah's tortious interference, Texas Theft Liability Act, and declaratory judgment claims?*

III. Under the Texas Theft Liability Act, an attorney seeking the award of attorney's fees must present evidence that the fees incurred were reasonable and necessary. The affidavit of Andrew McCormick, attorney for the Greenberg parties, generally states that he charged the Greenberg parties $325 per hour and, without providing any evidence of the basis of his conclusion, concluded that $15,000.00 was attributable to the theft claim. *Did the trial court error in awarding attorney's fees when there was no evidence as to how the fees were calculated and whether those hours were reasonable and necessary?*

**STATEMENT OF FACTS**

Appellant, Jim Daniels Nnah ("Nnah"), is one of two managers of Coral Pearls, LLC ("Coral Pearls"). Appellee David Neil Greenberg ("Greenberg") is a licensed real estate broker who is the sole owner, officer, and director of Appellee 125 Interests, Inc. ("125 Interests"). (II C.R. at 293-96). Greenberg is also the sole member and manager of DG Realty, LLC, which is the sole general partner of Appellee 5600 Interests, Ltd. f/k/a 6219 Interests, Ltd. ("5600 Interests"). (II C.R. at 287-92). Greenberg is also the sole limited partner of 5600 Interests. (II C.R. at 283-87). Thus, Greenberg owns and controls 100 percent of both Appellee 5600 Interests and Appellee 125 Interests. (II C.R. at 283-96).

***Purchase of Richmond Property, Acceleration of Note, and Bankruptcy***

In June of 2011, Coral Pearls purchased property located at 6219 Richmond Avenue in Houston, Texas (the "Richmond Property") from 5600 Interests. (II C.R. at 241-60, 78). Coral Pearls financed $940,000.00 of the purchase price through the lender DG Interests, Inc. ("DG Interests"), another entity of which Greenberg is the sole director, president, and registered agent. (II C.R. at 261-65, 297-309). Under the terms of the promissory note executed on June 1, 2011 ("Note"), which was secured by a deed of trust and vendor's lien upon the Richmond Property ("Deed of Trust"), Coral Pearls was to pay $340,000.00 within one month of closing and $55,000.00 each quarter until the Note was paid. (II

1

C.R. at 261-65, 221-32). Coral Pearls paid the initial $340,000.00 payment and the first quarterly payment of $55,000.00 in September of 2011. Through a Modification Agreement dated November 9, 2011, the due date of the second quarterly installment was delayed until January of 2012. (II C.R. at 266-270). On the same day, Nnah was added as an individual guarantor of the Note. (II C.R. at 194-200, 278).

Coral Pearls completed the second quarterly payment on the Note on February 17, 2012 and despite Greenberg's acceptance of the payment, DG Interests accelerated the Note, demanded that the balance of the Note be paid immediately, and threatened to foreclose on Coral Pearls and take the Richmond Property back. (II C.R. at 368). Although Coral Pearls did not agree that the loan was in default, in March of 2012 Coral Pearls was forced to seek bankruptcy protection to stop the threatened foreclosure. Once threatened with repossession of the Richmond Property and entering bankruptcy, Coral Pearls made no further payments on the Note and it did not pay the 2011 or 2012 property taxes totaling $71,680.14. (II C.R. at 179, 279).

### Lawsuit and First No Evidence Motion for Summary judgment

On April 20, 2012, while the Coral Pearls bankruptcy was pending, DG Interests filed the present lawsuit against Nnah individually to enforce Nnah's obligation as guarantor on the Note. (I C.R. at 5-8). Later in 2012, DG Interests

2

assigned all of its rights in the Note, the Deed of Trust, and its Vendors Lien on the Richmond Property to 125 Interests. (II C.R. at 273-74, 278). In response to the lawsuit, Nnah filed counterclaims against DG Interests, joined Coral Pearls as a third party plaintiff, and filed a third party petition against Greenberg individually and against several of Greenberg's parties, including Appellee 5600 Interests, DG Realty, LLC, Greenberg & Company, Inc., and Greenberg & Associates, Inc. (I C.R. at 33-49). Nnah's original claims against these Greenberg parties were for Negligence, Misrepresentation, Fraud, Conspiracy, Fraud in the Real Estate Transaction, violations of the Real Estate Licensing Act, Alter-Ego, Successor Liability and Respondeat Superior, and a claim for Rescission. (I C.R. at 33-49). All of these claims were related to actions associated with the original real estate transaction for the Richmond Property. In 2013, the Greenberg parties jointly filed their first no evidence motion for summary judgment on all of these claims, which the trial court granted on February 4, 2014. (I C.R. at 69-79, 113). The propriety of this first summary judgment is not at issue on appeal.

### Agreement for Nnah to Purchase Note from 125 Interests

125 Interests had the right, pursuant to the Deed of Trust, to pay the property taxes owed by Coral Pearls in order to protect its lien priority on the Richmond Property. (II C.R. at 223-24). In accordance with this right, in January of 2013, Greenberg directed that the 2011 and 2012 property taxes on the Richmond

3

Property be paid from 5600 Interests' checking account, but on behalf of 125 Interests, who was the holder of the Note. (I C.R. at 201, 212-13).

In February of 2013, after these property taxes had been paid, Greenberg and Nnah negotiated an agreement to settle the dispute between the parties whereby Nnah would purchase the Coral Pearls' Note from 125 Interests. (II C.R. at 205-07, 278). Pursuant to the agreement, Nnah paid $683,920.10 and, in exchange, 125 Interests was to assign to Nnah all of its rights and interests in the Note, Deed of Trust, and Vendors Lien associated with the Richmond Property, without reservation. (II C.R. at 205-07, 278). While Nnah believed that Coral Pearls owed less than the demanded amount, he was willing to pay the $683,920.10 demanded by Greenberg because Nnah had determined through an examination of the tax records that the property taxes for 2011 and 2012 had already been paid. (II C.R. at 278-79).

On February 21, 2013, Nnah paid the $683,920.10 to 125 Interests. (II C.R. at 278). On the same day, Greenberg executed the negotiated Assignment, but he refused to deliver the Assignment to Nnah claiming that he needed to first verify receipt of the funds in his bank account. (II C.R. at 204-04, 78-79). On February 22, 2013, Greenberg acknowledged that the funds were received by wire transfer. (II C.R. at 201). Although the terms of the Assignment had been agreed to, and Nnah had fully performed his obligations under the Assignment, Greenberg

4

refused to deliver the Assignment of the Note and Deed of Trust until Nnah agreed to renegotiate the deal. (II C.R. at 278-79, 201).

In an email sent on February 23, 2013, Greenberg stated that "We initially calculated the sum of $683,920.10 due under the note …. We double checked our calculations … and realized that we failed to include ad valorem property taxes for years 2011 and 2012. These taxes totaled $71,780.24 **and were advanced under the note and pursuant to the deed of trust**. Please wire transfer $71,780.20 to our account …." (II C.R. at 201). Greenberg attached to this e-mail an accounting of what Coral Pearl allegedly owed under the Note, which was the first time Nnah had seen an accounting. (II C.R. at 202). Nnah refused to modify the agreement and, on February 26, 2013, his attorney sent a written demand that Greenberg cause 125 Interests to perform as agreed. (II C.R. at 204-05, 78-79). Greenberg agreed and, on March 1, 2013, he delivered the previously executed Assignment to Nnah. (II C.R. at 279).

It was only after Nnah refused to renegotiate the February 21, 2013 Assignment, that Greenberg, without informing Nnah, changed his position and first claimed that 5600 Interests paid the property taxes in error. (II C.R. at 279). On March 1, 2013, on the same day Greenberg delivered the Assignment to Nnah and without informing Nnah of his intent, Greenberg submitted an application to the Harris County Tax Office on behalf of 5600 Interests for a "refund" of property

taxes. (II C.R. at 209-13). Although Greenberg had previously stated that these taxes were "advanced under the note and pursuant to the deed of trust," Greenberg now claimed to the Harris County Tax Office that these payments were made in "error." (II C.R. at 201, 09-13). On April 9, 2013, the Harris County Tax office refunded the $71,680.14 to 5600 Interests. As a result, Nnah was forced to pay to the Harris County Tax Office $77,669.22 in property taxes, interests, and penalties. (II C.R. at 280, 235, 238-39).

*Appellee's Second No Evidence Motion for Summary Judgment*

Prior to the trial court's determination on the Greenberg parties' first no evidence motion for summary judgment, Nnah and Coral Pearls amended its counter claim and third party petition. (I C.R. at 121-140). As relevant to this appeal, Nnah added 125 Interests as a third party defendant and Nnah added new claims of (1) Breach of Contract against Greenberg and 125 Interests, (2) Tortious Interference with Contract against 5600 interests and Greenberg, (3) violation of the Texas Theft Liability act against Greenberg, 125 Interests, and 5600 Interests, and (4) requested a Declaratory Judgment that 125 Interests' assignment of all of its rights in the Note, Deed of Trust, and Vendor's Lien actually assigned all rights including the benefit of the property taxes paid by the previous noteholder pursuant to the Note and Deed of Trust that had subsequently been assigned to Nnah. (I

C.R. at 121-140). All of these "new" claims related to the Appellees actions in obtaining the $71,680.14 property tax refund.

The Greenberg parties, which included all three Appellees to this appeal, filed a second no evidence motion for summary judgment on *some, but not all*, of Nnah's newly added claims. (I C.R. at 141-149). The Greenberg parties also sought a traditional motion for summary judgment on their claim for attorney's fees under the Texas Theft Liability Act. (I C.R. at 141-49). The trial court, improperly granted summary judgment and dismissed *all* of Nnah's claims, even in light of the genuine issues of material fact created by the summary judgment evidence. (*See* II C.R. at 388-89). The trial court also improperly awarded Greenberg, 125 Interests, and 5600 Interests attorney's fees despite the insufficiency of Mr. McCormick's affidavit regarding attorney's fees. (*See* II C.R. at 388-89).

## SUMMARY OF THE ARGUMENT

Nnah received an assignment of all right, title and interest in and to the Note and Deed of Trust without any rights being reserved or withheld. At the time of the assignment, as Nnah knew, the rights under the Note and Deed of Trust included the right to be reimbursed from the debtor the $71,680.14 in property taxes that the noteholder had, in Greenberg's words, "advanced under the note and pursuant to the deed of trust." Before delivering the assignment, Greenberg

7

admitted in an email to Nnah's counsel that $71,680.10 in property taxes had been voluntarily paid by the lender as it had a right to under the Note and Deed of Trust. *After* the assignment of all rights to Nnah, Appellee Greenberg, the sole owner and director of 125 Interests and 5600 Interests, obtained a "refund" of the property taxes from the Harris County Tax Office by stating that the taxes were not voluntarily advanced by the lender (as Greenberg had admitted to Nnah) but were "paid in error" by the former property owner 5600 Interests. As a result, Nnah was forced to pay to the Harris County Tax Office $77,669.22 in property taxes, interests, and penalties.

The Greenberg parties presented a no-evidence motion for summary judgment on some, but not all, of Nnah's causes of action and claims. The trial court erred by granting the no evidence motion for summary judgment claims not expressly presented in the Greenberg parties' no evidence motion. The only breach of contract issue raised by the Greenberg parties was that there was no evidence of the formation of a contract between 5600 Interests and Nnah relating to property taxes. But Nnah's pleadings never raised such a claim and instead asserted that Greenberg and 125 Interests breached their agreement to assign the Note to Nnah. The trial court's summary judgment should be reversed because there was no summary motion regarding Nnah's breach of contract claims against

Greenberg or 125 Interests regarding the assignment of the Note and Deed of Trust.

Under Texas law, a trial court commits error if the non-movant on a no evidence summary judgment motion presents more than a scintilla of evidence raising a genuine issue of material fact on each challenged element and claim. Nnah presented evidence that raised genuine issues of material fact regarding whether Greenberg, 125 Interests, and 5600 Interests each acted to deprive Nnah, who was the holder of all rights under the Note by assignment, of the benefit of property taxes that had previously been paid by 5600 Interests on behalf of 125 Interests pursuant to the Note when held by 125 Interests. Nnah presented evidence that he had agreed to pay, and did pay, the sum demanded by Greenberg only after Nnah confirmed with the Harris County Tax Office that the lender had paid property taxes for 2011 and 2012. Nnah presented evidence that Greenberg admitted that the noteholder had advanced the taxes under the Note and pursuant to the Deed of Trust. Nnah presented evidence that Greenberg had changed his story—from voluntarily advanced under the Note to "paid in error"—in order to improperly obtain a "refund" from the Harris County Tax Office. Nnah presented evidence that this was done *after* the assignment of all rights, knowingly on the part of the Greenberg entities while concealing their actions from Nnah. This evidence, at the very least, raised issue of material fact requiring a trial on the

merits. The trial court therefore errored in granting summary judgment on Nnah's tortious interference, Texas Theft Liability Act, and declaratory judgment claims.

Because summary judgment on Nnah's theft claims were improper, no attorney's fees should have been awarded to the Greenberg parties. Further, under the Texas Theft Liability Act, an attorney seeking the award of attorney's fees must present evidence that the fees incurred were reasonable and necessary. The only evidence presented by the Greenberg parties was the affidavit of their attorney Andrew McCormick. But McCormick's affidavit fails to meet the standard of proof for the amount of attorney's fees that were incurred and that they were reasonable and necessary. McCormick merely stated, generally and without specificity and without time records, that he charged the Greenberg parties $325 per hour and, in an woefully inadequate attempt to segregate, concluded that $15,000.00 was attributable to the theft claim without providing any evidence of the basis of this conclusion. Nnah objected to McCormick's affidavit. Even if summary judgment had been proper on Nnah's theft claims, the trial court still erred in awarding attorney's fees because there was no evidence as to how the fees were calculated and whether the hours and fees alleged were reasonable and necessary.

**I.     The trial court erred in granting summary judgment against Nnah on his breach of contract claim because the Greenberg parties failed to challenge this claim in its no evidence motion for summary judgment.**

Under the Texas Rules of Civil Procedure, Appellees Greenberg, 125 Interests, and 5600 Interests had an obligation to specifically challenge each element of each cause of action on which it claimed there was no evidence and any unchallenged element or claim cannot rightfully become the basis of a grant of summary judgment. Tex. R. Civ. Pro. 166a(i). It is well settled law that a trial court cannot grant a summary judgment motion, whether traditional or no evidence, on grounds not expressly presented in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing *Johnson v. Brewer Pritchard*, P.C., 73 S.W.3d 193, 204 (Tex. 2002)).

In Nnah's second amended third party petition, Nnah specifically asserted "a cause of action against David Neal Greenberg and 125 Interests, Inc. for breach of contract." (I C.R. at 131). In their no evidence summary judgment motion, however, the Greenberg parties only asserted that Nnah had no evidence that a contract had been formed between Nnah and 5600 Interests regarding the property taxes. (I C.R. at 144-45). The no evidence summary judgment motion fails to mention Nnah's breach of contract claim against Greenberg and 125 Interests, which is a completely separate claim from whether a contract existed between

11

Nnah and 5600 Interests. (I C.R. at 144-45). Although Nnah's breach of contract claim against Greenberg and 125 Interests was not challenged in their no evidence summary judgment motion, the trial court nonetheless dismissed the claim. (II C.R. at 388-89). The trial court, therefore, committed reversible error in dismissing Nnah's breach of contract claim against Greenberg and 125 Interests and this Court should remand Nnah's breach of contract claim to the trial court for a trial on the merits.

**II.  The trial court erred in granting summary judgment against Nnah on his tortious interference, Texas Theft Liability Act, and declaratory judgment claims because not all of those claims were challenged by the Greenberg parties and, of the claims that were challenged, there are genuine issues of material fact on each element of each challenged claim.**

In responding to the no evidence summary judgment motion, the non-movant "is not required to marshal its proof"; instead, as the non-movant, Nnah must merely "point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i); *Brewer Pritchard*, P.C., 73 S.W.3d at 207. A genuine issue of material fact is raised if more than a scintilla of evidence is produced establishing each of the challenged elements and claims. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Circumstantial evidence may be used to establish a genuine issue of material fact as long as the evidence is more than mere suspicion. *Id*. at 601. And when reviewing the grant of a no evidence summary judgment motion, this Court must also view the evidence in the light

12

most favorable to Nnah.  *See id.*  The trial court erred in granting the Greenberg parties' no evidence summary judgment motion because Nnah met his burden of producing more than a scintilla of evidence raising a genuine issue of material fact on each element and claim challenged in the motion.

> ### A. The trial court improperly granted summary judgment on Nnah's tortious interference claims against Greenberg and 5600 Interests because the no evidence motion for summary judgment failed to address all of the pled interference claims and, in the alternative, the evidence raises a genuine issue of material fact on these claims.

As detailed in Section I of this brief, summary judgment is improper if it is granted on an element or claim not challenged in the no evidence motion for summary judgment.  Tex. R. Civ. P. 166a(i).  In the Greenberg parties' no evidence summary judgment motion, the Greenberg parties challenge that there was no evidence of a contract between 5600 Interests and Nnah and, because there was no contract, there could be no interference to cause Nnah damages.  (I C.R. at 145).  Nowhere in Nnah's second amended third party petition does Nnah ever claim that there was a contract between Nnah and 5600 Interests that could be subject to interference.  (*See* I C.R. at 121-140).  However, Nnah's petition does, by incorporation of facts, give notice of tortious interference claims against Greenberg and 5600 Interests for (1) interfering with Nnah's Assignment agreement with 125 Interests and, (2) interfering with Nnah's contract, as assignee of the Note and Deed of Trust, with Coral Pearls.  (I C.R. at 123-132).  The trial

13

court, therefore, committed reversible error in dismissing Nnah's Tortious Interference claims against Greenberg and 5600 Interests, (II C.R. at 388), and this Court should remand those claims to the trial court.

In the alternative, even if the Greenberg parties no evidence motion for summary judgment is stretched to include all of Nnah's tortious interference claims, Nnah submitted summary judgment evidence raising a genuine issue of material fact on each element of his tortious interference claims. The elements of a tortious interference with an existing contract claim are: (1) the plaintiff had a valid contract, (2) the defendant willfully and intentionally interfered with the contract, (3) the interference proximately caused the plaintiff's injury, and (4) the plaintiff incurred actual damage or loss. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

The undisputed evidence shows that Nnah had a contract, known as the Assignment, with 125 Interests. (II C. R. at 205-06). Under the terms of the Assignment, 125 Interests assigned to Nnah **all** of its rights and interests in the Coral Pearls Note, Deed of Trust, and Vendors Lien. (II C.R. at 205). One of the specific rights at issue in this case is found in paragraphs 3 and 7 of the Deed of Trust, where Coral Pearls had an obligation to preserve the priority of 125 Interests lien by paying all taxes when due. (II C.R. at 223-24). If Coral Pearls failed to pay the taxes, then 125 Interests was allowed to pay the taxes on behalf of Coral

14

Pearls. (II C.R. at 223). If 125 Interests opted to pay the taxes, then the amount of the paid taxes became part of the debt owed under the Note. (II C.R. at 224). In other words, the paid taxes were part of the debt owed under the Note that was purchased by Nnah. In February of 2013, Greenberg, on behalf of 125 Interest, and Nnah negotiated an agreement whereby Nnah would purchase the Note and Deed of Trust for $683,920.10 (an amount set by Greenberg and 125 Interests without Nnah knowing how the amount was calculated), and in exchange, 125 Interests would assign to Nnah all of its rights and interests in the Note, Deed of Trust, and Vendors Lien associated with the Richmond Property, without reservation. (II C.R. at 205-07, 278). While Nnah believed that Coral Pearls owed less than the demanded amount, he was willing to settle for the demanded $683,920.10 sum because he had determined through an examination of the tax records that the property taxes for 2011 and 2012 had already been paid and that he would succeed to the note holder's rights when he was assigned the Note. (II C.R. at 278-79). Therefore, through the Assignment agreement with 125 Interests, Nnah paid $683,920.10 for the right to be paid by Coral Pearls the entire debt, which included the previously paid property taxes. (II C.R. at 205-07, 278-79, 223-24). Additionally, the Note and Deed of Trust now become a binding contract between Nnah, the noteholder succeeding to all rights under the Note, and Coral Pearls as the maker of the Note. (See II C.R. at 205-07, 221-231, 261-65, 272-75). And

15

because Coral Pearls was in default on the Note, Nnah also had the right to foreclose on the Richmond Property and recoup the amount owed to him under the Note, which included the value of the property taxes paid under the Note and pursuant to the Deed of Trust. (II C.R. at 221-231, 261-65).

However, Greenberg and 5600 Interests interfered with Nnah's rights under these two contracts when Greenberg directed 5600 Interests to seek a "refund" from the Harris County Tax office of the 2011 and 2012 property taxes that had been paid on the property, thereby decreasing the value of the Note and encumbering the land with a tax burden that, at the time of the Assignment, had already been satisfied. (II C.R. at 208-220, 233-34). Although Greenberg's affidavit and 5600 Interest's applications to the Harris County Tax Office alleged that the taxes has been paid by 5600 Interests "in error," Nnah presented conflicting summary judgment evidence showing that (1) 5600 Interests did not pay the taxes in error, but instead the taxes were advanced on behalf of 125 Interests under the Note and pursuant to the Deed of Trust, (II C.R. at 201), (2) Greenberg, as the sole owner and person in control of both 125 Interests and 5600 Interests, knew that the taxes has been paid pursuant to a Note and Deed of Trust that had been previously assigned to Nnah, (II C.R. at 201, 283-96), and (3) it was only after Nnah refused Greenberg's demand to renegotiate the February 21, 2013 Assignment, that Greenberg, without Nnah's knowledge or consent, changed his

position and first claimed that 5600 Interests paid the property taxes in error, (II C.R. at 278-79, 201, 208-20). The result of this interference was a reduction in the value of the Note, a re-burdening of the Richmond Property with a tax debt and lien that had already been satisfied. Nnah was subsequently forced to pay an additional $77,669.22 in back taxes and penalties to clear title to the property. (II C.R. at 280, 235, 238-39, 278-81). Nnah would not have incurred these damages if Greenberg and 5600 Interests had not interfered with his rights under his contracts with 125 Interests and Coral Pearls.

The trial court, therefore, committed reversible error in dismissing Nnah's tortious interference claims against Greenberg and 5600 Interests and this Court should remand the claim to the trial court for a trial on the merits.

**B. The trial court improperly granted summary judgment on Nnah's Texas Theft Liability Act claim because Nnah raised a genuine issue of material fact regarding his theft claim against 5600 Interests and the Greenberg parties no evidence motion for summary judgment failed to challenge Nnah's theft claims against Greenberg and 125 Interests.**

The trial court erred in granting summary judgment on Nnah's theft claims against Greenberg and 125 Interests. As detailed in Section I of this brief, summary judgment is improper if it is granted on an element or claim not challenged in the no evidence motion for summary judgment. Tex. R. Civ. P. 166a(i). The only theft claim challenged in the Greenberg parties' no evidence summary judgment motion was Nnah's claim against 5600 Interests. (I C.R. at

17

145-46). However, Nnah pled individual theft claims under the Texas Theft Liability Act against Greenberg, 125 Interests, and 5600 Interests. (I C.R. at 132). The trial court, therefore, committed reversible error in dismissing Nnah's theft claims against Greenberg and 125 Interests, (II C.R. at 388), and this Court should remand those claims to the trial court.

The trial court further erred in granting summary judgment on Nnah's theft claim against 5600 Interests. A person who commits theft by unlawfully appropriating property with the intent to deprive the owner of property is liable for the resulting damages. Tex. Civ. Prac. & Rem. Code ann. §§ 134.002-134.005. Appropriation is unlawful if it is without the owner's effective consent. § 134.002(2). Even if the theft is committed by someone on behalf of another, any "person who commits theft is liable for the damages resulting from the theft" and the victim may recover damages. *Id.* 5600 Interests challenged that there was no evidence (a) that 5600 Interests unlawfully appropriated any specific property, (b) that 5600 Interests intended to deceive Nnah, (c) that 5600 Interests was not an owner of the property alleged to be stolen or that Nnah was the owner of that property alleged to be stolen, and (d) that the owner didn't consent to the theft. (I C.R. at 145-46).

In response, Nnah produced more than a scintilla of evidence to raise a genuine issue of material fact on each of these challenged issues. On March 1,

2013, Nnah filed the Assignment of the Note and Deed of Trust from 125 Interests in the real property records of Harris County. (II C.R. at 205-07, 278-79). Nnah then foreclosed against Coral Pearls and, on March 5, 2013, Nnah purchased the Richmond Property at a foreclosure sale. (II C.R. at 278-79). Therefore, the undisputed summary judgment evidence shows that on March 5, 2013, Nnah was the owner of the Richmond Property, the value of which was based on many factors including the inherent value of the property and, as investigated by Nnah prior to his purchase of the Note, the added value that all taxes had been previously paid on the property.

Nnah also showed that on March 1, 2013, Greenberg, on behalf of 5600 Interests, sought a refund of the 2011 and 2012 property taxes paid by 5600 Interests on the Richmond Property. (II C.R. at 208-20, 278-79). The March 1, 2013 application was denied and on April 2, 2013, 5600 Interests submitted a new application for a refund of the taxes. (II C.R. at 208-20). On the date of this second application, the evidence shows that Nnah was the record owner of the Richmond Property. (II C.R. at 278-79). Although Greenberg's affidavit and 5600 Interest's applications to the Harris County Tax Office alleged that the taxes has been paid by 5600 Interests in error, Nnah presented conflicting summary judgment evidence showing that (1) 5600 Interests did not pay the taxes in error, but instead the taxes were advanced on behalf of 125 Interests under the Note and

pursuant to the Deed of Trust, (II C.R. at 201), (2) Greenberg, as the sole owner and person in control of both 125 Interests and 5600 Interests, knew that the taxes has been paid pursuant to a note and deed of trust that had been previously assigned to Nnah, (II C.R. at 201, 283-96), and (3) it was only after Nnah refused Greenberg's demand to renegotiate the February 21, 2013 Assignment that Greenberg, without Nnah's knowledge or consent, changed his position and represented to the Harris County Tax Office (without informing Nnah) that Greenberg had caused 5600 Interests to pay the property taxes in error (II C.R. at 278-79, 201, 208-20). Construed in the light most favorable to Nnah, this evidence raises a genuine issue of material fact regarding whether 5600 Interests, acting under the control of Greenberg, violated the Texas Theft Liability Act.

The trial court, therefore, committed reversible error in dismissing Nnah's violation of the Texas Theft Liability Act claim against 5600 Interests and this Court should remand the claim to the trial court for a trial on the merits.

### C. The trial court improperly granted summary judgment on Nnah's declaratory judgment claim because it was proper for Nnah to ask the trial court to declare the meaning of a provision within the Assignment.

In Nnah's second amended third party petition, Nnah requested a declaratory judgment that the provisions in the Assignment between 125 Interests and Nnah, which gave Nnah *all* of 125 Interests' rights in the Note, Deed of Trust, and Vendor's Lien in the Richmond Property, meant that Greenberg, who owned and

20

controlled both 125 Interests and 5600 Interests, could not direct 5600 Interests to seek a refund of property taxes that had been paid on behalf of 125 Interests pursuant to the Note and Deed of Trust because all rights had been transferred to Nnah (including the benefit of the taxes advanced under the Note and pursuant to the Deed of Trust) and that the paid status of those taxes was part of the benefit bargained for in the Assignment. (I C.R. at 136, II C.R. at 201).

Under the Texas Civil Practice and Remedies Code, a "contract may be construed either before or after there has been a breach," and "[a] person interested under … writings constituting a contract … may have determined any question of construction or validity arising under the … contract." Tex. Civ. Prac. & Rem. Code § 37.004(a).

In their no evidence summary judgment motion, the Greenberg parties allege that there was no evidence of a justiciable controversy and that a declaratory judgment was improper because Nnah was asking the trial court to issue an advisory opinion regarding whether Harris County should have refunded the property taxes to 5600 Interests. (I C.R. 146-47). This contention, however, is not supported by the pleadings or the evidence. Nnah never asked the trial court to opine on a hypothetical situation. (I C.R. at 136). Instead, Nnah asked the trial court to construe the meaning of the Assignment, the substance of which was presented to the trial court as summary judgment evidence. (I C.R. at 153-54).

The trial court, therefore, committed reversible error in dismissing Nnah's declaratory judgment claim and this Court should remand the case to the trial court for a declaration of the meaning of the "all rights" provisions within the Assignment.

**III.    The trial court erred in awarding Appellees Greenberg, 125 Interests, and 5600 Interests attorney's fees because Mr. McCormick's affidavit was insufficient to prove, as a matter of law, that the fees were reasonable and necessary.**

In addition to the no evidence summary judgment motion, Greenberg, 125 Interests, and 5600 Interests also sought a traditional summary judgment on their cross claim for attorney's fees under the Texas Theft Liability Act. (I C.R. at 119). Because the trial court erred in dismissing Nnah's theft claims, the award of attorney's fees to the Greenberg parties was, of course, error. However, even if the trial court had correctly dismissed the theft claims, an award of attorney's fees was still error because these Greenberg parties failed to meet their burden of presenting competent summary judgment evidence proving the amount, necessity, and reasonableness of the fees. *See* Tex. R. Civ. Pro. 166a.

Under the Texas Theft Liability Act, a prevailing party[1] is to be awarded attorney's fees as long as the fees are both "reasonable and necessary." Tex. Civ.

---

[1] As detailed in section II(B) of Appellant's Brief, the Greenberg parties only challenged the Texas Theft Liability Act claim as it related to Appellee 5600 Interests. Therefore, Appellants

22

Prac. & Rem. Code. § 134.005(b). Because reasonableness of the fees cannot be presumed through judicial notice[2], reasonableness is a question of fact that must be established through competent evidence. *See Smith v. Smith*, 757 S.W.2d 422, 424-426 (Tex. App.—Dallas 1988, writ denied) (stating that an agreement by a client to pay a certain hourly rate is not proof of reasonableness); *see also City of Laredo v. Montano*, 414 S.W.3d 731, 734-37 (Tex. 2013) (contrasting one attorney's general testimony without records, held to be insufficient, with co-counsel's sufficient detailed testimony).

The only summary judgment evidence relating to the necessity and reasonableness of the Greenberg parties' attorney's fees was an affidavit by their attorney, Andrew McCormick. McCormick's affidavit, however, is conclusory and devoid of any substance relating to how the alleged fees were calculated or the reasonableness of these alleged fees.[3] (I C.R. at 150-52); *See City of Laredo*, 414 S.W.3d at 734-35. Not only did McCormick's affidavit not include any billing statements, contemporaneously generated time records, or details regarding

---

Greenberg and 125 Interests cannot be considered prevailing parties for determining attorney's fees.

[2] In our case, the trial court was not allowed to take judicial notice of usual and customary fees because the statute authorizing the award of attorney's fees does not allow for judicial notice, the basis for the award of attorney's fees was not Section 38.004 of the Texas Civil Practice and Remedies Code, and judicial notice is only allowed when there has been a trial on the merits. *See* Tex. Civ. Prac. & Rem. Code § 38.004.

[3] Nnah objected in his summary judgment response to McCormick's affidavit on the same grounds and repeat his objections in his motion for new trial. (II C.R. at 190-92).

23

specific tasks performed, it didn't even state how many hours were spent defending against the Texas Theft Liability claim. (I C.R. at 150-52). McCormick further contradicts himself by first stating that the fees for defending the Texas Theft Liability Act claim were segregated from the other fees and then later stating that the fees were not segregated. (I C.R. at 152). And while the affidavit recites that he charged "his client" (singular) a total of $50,052.50 in attorney's fees, and that, in his opinion, "30% of such is a reasonable fee for defense of the theft claim," he provides no basis for why 30 percent is reasonable and he fails to segregate his fees amongst his various clients. (I C.R. at 152). The affidavit is incompetent summary judgment evidence because it is not clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could not have been readily controverted. Tex. R. Civ. P. 166a(c).

Therefore, even if this Court affirms the summary judgment on the substance of the Texas Theft Liability Act claim, this Court should remand this case to the trial court for a determination of reasonable and necessary attorney's fees.

## CONCLUSION AND PRAYER

The trial court erred in granting the Greenberg parties' no evidence summary judgment motion and dismissing *all* of Nnah's Breach of Contract, Tortious Interference, Texas Theft Liability Act, and declaratory judgment claims because

(1) not all of Nnah's claims were challenged in the Greenberg parties' motion, and (2) Nnah produced summary judgment evidence raising a genuine issue of material fact on each challenged element and claim. Each of Nnah's claims that are the subject of this appeal are based on Appellees' actions in obtaining a $71,680.14 property tax "refund" from the Harris County Tax Office on the Richmond Property. And while Greenberg and 5600 Interests attempted to assert that 5600 Interests was entitled to the refund because it paid the taxes in error, Nnah presented summary judgment evidence controverting this assertion and showing that (1) 5600 Interests paid the taxes on behalf of 125 Interests under the rights given the holder of the Note pursuant to the Deed of Trust, and (2) it was only after Nnah refused Greenberg's demand to renegotiate the Assignment that Greenberg first claimed (to the Harris County Tax Office but not to Nnah) that the taxes were paid "in error." This evidence raises a genuine issue of material fact precluding summary judgment.

Further, the trial court erred in granting Appellees Greenberg, 125 Interests, and 5600 Interests traditional motion for summary judgment on their claim for attorney's fees under the Texas Theft Liability Act because (1) only the claim against 5600 Interests was challenged in the summary judgment motion, preventing any award of attorney's fees incurred on behalf of Greenberg and 125 Interests, and (2) the Greenberg parties failed to meet their burden of presenting

25

competent summary judgment evidence proving the amount, necessity, and reasonableness of the attorney's fees.

Therefore, Appellant, Jim-Daniels Nnah, respectfully requests this Court to reverse the trial court's grant of summary judgment in favor of Appellees David Neil Greenberg, 125 Interests, Inc., and 5600 Interests, Ltd., and remand this case for a trial on the merits.

Respectfully submitted,

*/s/ George F. May*

_____
George F. May
TWOMEY | MAY, PLLC
Lori Twomey
State Bar No. 24037621
lori@twomeymay.com
State Bar No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77098
(713) 659-0000
(832) 201-8485 - Facsimile
george@twomeymay.com

Attorneys for Appellant

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the undersigned certifies the brief complies with the type-volume limitation of Rule 9.4(i)(2)(3).

1. EXCLUSIVE OF THE EXEMPTION PORTIONS IN TEX. R. APP. PRO 9.4.(i)(1), THE BRIEF CONTAINS:   6,464   words


2. THE BRIEF HAS BEEN PREPARED: in proportionally spaced typeface

   using: Microsoft Word for Mac 2015 in Times New Roman 14-point font.



*/s/ George F. May/*

_____

George F. May

27

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below on September 29, 2015 as follows:

Andrew P. McCormick
ammccormick@mlm-lawfirm.com
Laurie A. Munoz
lmunoz@mlm-lawfirm.com
McCormick, Lanza & McNeel, LLP
4950 Bissonnet Street
Bellaire, Texas 77401
(281) 752-6329 (fax)

By (check all that apply)
- ☐ personal delivery
- ☐ mail
- ☐ commercial delivery service
- ☒ fax or eservice
- ☒ email: ammccormick@mlm-lawfirm.com, lmunoz@mlm-lawfirm.com

*/s/ George F. May/*

George F. May

Date: September 29, 2015

**APPENDIX**

TAB 1 – Trial court's original order granting summary judgment

TAB 2 – Trial court's amended order granting summary judgment

TAB 3 – Trial court's order granting non-suit (making summary judgment final)

TAB 4 – Assignment of promissory note and deed of trust from 125 Interests to Jim-Daniels Nnah

TAB 5 – David Neal Greenberg admission that property taxes were paid under the note and pursuant to the deed of trust

# TAB 1

Trial court's original order granting summary judgment

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



Cause No. 2012-23146

| | | |
|---|---|---|
| DG INTERESTS, INC.<br>Plaintiff | § § § | IN THE CIVIL DISTRICT COURT |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| JIM-DANIELS NNAH<br>Defendant | § § § | 270th JUDICIAL DISTRICT |
| JIM-DANIELS NNAH<br>Counter-Plaintiff and Third-Party Plaintiff | § § § | |
| and CORAL PEARLS, LLC,<br>Third-Party Plaintiff | § § § § | |
| v. | § § § | |
| DG INTERESTS, INC.<br>Counter-Defendant | § § § § | |
| 125 INTERESTS, INC.,<br>6219 INTERESTS, LTD. n/k/a 5600<br>INTERESTS, LTD., DG REALTY, LLC<br>DAVID NEAL GREENBERG,<br>GREENBERG & COMPANY, INC. and<br>GREENBERG & ASSOCIATES, INC.<br>Third-Party Defendants | § § § § § § § | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

After considering Counter-Defendant, DG Interests, Inc., and Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., DG Realty, LLC, David Neal Greenberg, Greenberg & Company, Inc., and Greenberg & Associates, Inc.'s no-evidence motion for summary judgment and traditional summary judgment, the pleadings, the response, the affidavits, and other evidence on file, the Court

GRANTS Counter-Defendant, DG Interests, Inc., and Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., DG Realty, LLC, David Neal Greenberg, Greenberg & Company, Inc., and Greenberg & Associates, Inc.'s no-evidence summary judgment and traditional summary judgment.

369

IT IS ORDERED, ADJUDGED AND DECREED that Counter-Plaintiff and Third-Party Plaintiffs' causes of action for (1) breach of contract, (2) tortious interference with contract and business relations and expectancy, (3) theft under the Texas Theft Liability Act, (4) money had and received, and (4) declaratory judgment are dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Counter-Defendant, DG Interests, Inc., and Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., DG Realty, LLC, David Neal Greenberg, Greenberg & Company, Inc., and Greenberg & Associates, Inc., do have and recover judgment of, from and against Counter-Plaintiff and Third-Party Plaintiff, Jim Daniels Nnah and Coral Pearls, LLC, reasonable and necessary attorney's fees in the amount of $15,000.00 pursuant to the Texas Theft Liability Act, all costs incurred herein together with interest on said judgment at the rate of five (5%) percent per annum from the date hereof until paid, for all of which let execution issue.

All relief not expressly granted herein is denied.

SIGNED on _November 3,_____, 2014.

_____
PRESIDING JUDGE

APPROVED AS TO FORM & SUBSTANCE:

McCORMICK, LANZA & McNEEL, LLP

By: _____
ANDREW P. McCORMICK
State Bar No. 13457100
LAURIE A. MUNOZ
State Bar No. 24071782
4950 Bissonnet Street
Bellaire, Texas 77401
(713) 523-0400 / Fax (713) 523-0408

Attorney for Counter-Defendant & Third-Party Defendants

370

# TAB 2

Trial court's amended order granting
summary judgment

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Cause No. 2012-23146

| | | |
|---|---|---|
| DG INTERESTS, INC. <br> Plaintiff | § <br> § <br> § | IN THE CIVIL DISTRICT COURT |
| v. | § <br> § | OF HARRIS COUNTY, TEXAS |
| JIM-DANIELS NNAH <br> Defendant | § <br> § <br> § | 270th JUDICIAL DISTRICT |
| JIM-DANIELS NNAH <br> Counter-Plaintiff and Third-Party Plaintiff | § <br> § <br> § | |
| and CORAL PEARLS, LLC, <br> Third-Party Plaintiff | § <br> § <br> § | |
| v. | § <br> § | |
| DG INTERESTS, INC. <br> Counter-Defendant | § <br> § <br> § | |
| 125 INTERESTS, INC., <br> 6219 INTERESTS, LTD. n/k/a 5600 <br> INTERESTS, LTD., DG REALTY, LLC <br> DAVID NEAL GREENBERG, <br> GREENBERG & COMPANY, INC. and <br> GREENBERG & ASSOCIATES, INC. <br> Third-Party Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § | |

## AMENDED ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

After considering Counter-Defendant, DG Interests, Inc., and Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., DG Realty, LLC, David Neal Greenberg, Greenberg & Company, Inc., and Greenberg & Associates, Inc.'s no-evidence motion for summary judgment and traditional summary judgment, the pleadings, the response, the affidavits, and other evidence on file, the Court

GRANTS Counter-Defendant, DG Interests, Inc., and Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., DG Realty, LLC, David Neal Greenberg, Greenberg & Company, Inc., and Greenberg & Associates, Inc.'s no-evidence summary judgment and

-1-

388

traditional summary judgment.

IT IS ORDERED, ADJUDGED AND DECREED that Counter-Plaintiff and Third-Party Plaintiffs' causes of action for (1) breach of contract, (2) tortious interference with contract and business relations and expectancy, (3) theft under the Texas Theft Liability Act, (4) money had and received, and (4) declaratory judgment are dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that ~~Counter-Defendant, DG Interests, Inc., and~~ Third-Party Defendants, 125 Interests, Inc., 6219 Interests, Ltd. n/k/a 5600 Interests, Ltd., ~~DG Realty, LLC~~ *and*, David Neal Greenberg, ~~Greenberg & Company, Inc., and Greenberg & Associates, Inc.~~, do have and recover judgment of, from and against Counter-Plaintiff and Third-Party Plaintiff, Jim Daniels Nnah, reasonable and necessary attorney's fees in the amount of $15,000.00 pursuant to the Texas Theft Liability Act, all costs incurred herein together with interest on said judgment at the rate of five (5%) percent per annum from the date hereof until paid, for all of which let execution issue.

All relief not expressly granted herein is denied.

SIGNED on _____ January 30 _____, 2015.

JAN 30 2015

_____
PRESIDING JUDGE

APPROVED AS TO FORM & SUBSTANCE:

McCORMICK, LANZA & McNEEL, LLP

By: _____
ANDREW P. McCORMICK
State Bar No. 13457100
LAURIE A. MUNOZ
State Bar No. 24071782
4950 Bissonnet Street
Bellaire, Texas 77401
(713) 523-0400 / Fax (713) 523-0408

Attorney for Counter-Defendant & Third-Party Defendants

-2-

389

# TAB 3

Trial court's order granting non-suit
(making summary judgment final)

2/2/2015 2:02:06 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 3985341
By: PRINCE, SASHAGAYE S
Filed: 2/2/2015 2:02:06 PM

NO. 2012-23146

| | | |
|---|---|---|
| DG INTERESTS, INC. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JIM-DANIELS NNAH | § | |
| Defendant | § | 270th JUDICIAL DISTRICT |

## ORDER GRANTING NONSUIT OF JIM-DANIELS NNAH'S CLAIMS AGAINST HARRIS COUNTY WITHOUT PREJUDICE

On this day, in the above referenced cause, the Court considered Defendant Jim-Daniels Nnah's Notice of Nonsuit of his claims against Harris County, and Request for Order of Nonsuit. After considering the notice and request, any response, the pleadings on file, and the argument of counsel, if any, it appears to the Court that an Order of Nonsuit should be entered.

It is, therefore, **ORDERED, ADJUDGED, AND DECREED** that the claims that Defendant Jim-Daniels Nnah has asserted against Harris County in the above referenced lawsuit are hereby nonsuited and that such nonsuit is with prejudice as to refiling same.

SIGNED this ___17___ day of _____,2015.

FEB 17 2015

_____
JUDGE PRESIDING

Approved and Entry Requested:

Twomey | May, PLLC

/s/ George F. May/

_____
George F. May - TBA No. 24037050
2 Riverway, 15th Floor
Houston, Texas 77056
Telephone: (713) 659-0000
Telecopier: (832) 201-8485
Email: george@twomeymay.com
Attorneys for Jim-Daniels Nnah



# TAB 4

Assignment of promissory note and deed of trust from 125 Interests to Jim-Daniels Nnah

ASSIGNMENT

20130096772
03/01/2013 RP1 $20.00

THE STATE OF TEXAS

COUNTY OF HARRIS

KNOW ALL MEN BY THESE PRESENTS:

THAT 125 INTERESTS, INC., a Texas corporation (hereinafter called "Assignor"), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations to Assignor in hand paid by Jim Daniels Nnah, whose address is 5064 Cedar Creek Houston, Texas 77056 (hereinafter called "Assignee"), the receipt and sufficiency of which is hereby acknowledged, has GRANTED, TRANSFERRED and ASSIGNED, and does by these presents GRANT, TRANSFER and ASSIGN, unto said Assignee, without recourse on Assignor, the following:

1. Promissory note ("Note") dated June 1, 2011, executed by CORAL PEARLS, LLC, a Texas limited liability company ("Borrower") payable in installments as therein provided to the order of DG INTERESTS, INC., in the original principal amount of $940,000.00, which Note was assigned by DG INTERESTS, INC. to Assignor under an Assignment dated on or about July 25, 2012, recorded under Clerk's File No. 20120336478 in the Official Public Records of Real Property of Harris County, Texas;

2. All rights, titles, interests, privileges, claims, demands and equities existing and to exist in connection with or as security for the payment of said Note and the indebtedness evidenced thereby, existing under the terms and provisions of the Note, including without limitation the following:

Vendor's Lien retained in Deed dated of approximately even date with the Note from DG INTERESTS, INC. to Borrower recorded in the Real Property Records of Harris County, Texas, covering the Property (defined below);

Deed of Trust, Security Agreement and Financing Statement (the "Deed of Trust") of even date with the Note, executed by Borrower in favor of MARK J. TORMEY, Trustee, and DG INTERESTS, INC., as "Beneficiary," and being recorded under County Clerk's File No. 20110229585 in the Real Property Records of Harris County, Texas, covering the property described as ALL THAT CERTAIN 0.426 ACRE OF LAND OUT OF LOT ONE HUNDRED TWENTY-EIGHT (128) IN BLOCK TWO (2) OF GLENHAVEN ESTATES, SECTION 2, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 19, PAGE 59, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS, AND BEING THE SAME AS THAT CERTAIN CALLED 0.42615 ACRE TRACT SITUATED IN THE ROBERT VINCE SURVEY, A-77, HARRIS COUNTY, TEXAS, AND DESCRIBED IN WARRANTY DEED, DATED NOVEMBER 11, 1991, FROM JAMES P. LONGNECKER TO RICARDO POBLETE, TRUSTEE, SAID 0.426 ACRE BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS IN EXHIBIT "A" ATTACHED THERETO AND MADE A PART THEREOF FOR ALL PURPOSES (the "Property"); and

Assignment of Rents and Leases (the "Assignment of Rents") of even date with the Note, executed by Borrower in favor of DG INTERESTS, INC., as Assignee, recorded in the Real Property Records of Harris County, Texas, covering the Property.

TO HAVE AND TO HOLD said Note, together and along with all rights, titles, interests, liens, security interests, privileges, claims, demands and equities now or hereafter held by Assignor in connection therewith or as security therefor unto Assignee, its successors and assigns forever.

C:\DOCUMENTS AND SETTINGS\DAVIDI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\BYN3WJAK\ASSIGNMENTOFCORALNOTE.DOCX

**RECORDER'S MEMORANDUM**
Exhibit(s) Not Attached

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 7/18/2013
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stacey Renee Guerrero



This Assignment is made without warranty, express or implied, and is made without recourse on Assignor.

IN TESTIMONY WHEREOF, 125 INTERESTS, INC., a Texas corporation, has caused this instrument to be executed by its duly authorized officers and its corporate seal to be affixed hereto, this the 21ˢᵗ day of February, 2013.

125 INTERESTS, INC., a Texas corporation

By: _____

Name: David Greenberg

Title: President

THE STATE OF TEXAS

COUNTY OF

This instrument was acknowledged before me on the 21ˢᵗ day of February, 2013, by _____ DAVID GREENBERG, PRES. _____ of 125 INTERESTS, INC., a Texas corporation, for and on behalf of said corporation.

Annette Wierschem
My Commission Expires
12/12/2013
NOTARY PUBLIC · STATE OF TEXAS

Notary Public, State of Texas

RETURN TO:

Twomey / May, PLLC
PO Box 6574
Kingwood, TX 77325-6574

C:\DOCUMENTS AND SETTINGS\DAVIDI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.OUTLOOK\BYN3WJAK\ASSIGNMENTOFCORALNOTE.DOCX -2-

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 7/18/2013
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy

Stacey Renee Guerrero



ANY PROVISION HEREIN WHICH RESTRICTS THE SALE RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas

MAR - 1 2013



Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

FILED
2013 MAR -1 PM 3: 02
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law.  Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 7/18/2013
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
Stacey Renee Guerrero



207

# TAB 5

David Neal Greenberg admission that property taxes were paid under the note and pursuant to the deed of trust

**George May**

| | |
|---|---|
| **From:** | Jim Daniels <jimdani@ictglobal.org> |
| **Sent:** | Thursday, January 02, 2014 5:02 PM |
| **To:** | George May |
| **Subject:** | Fwd: Coarl Pearl - Jim Nnah |
| **Attachments:** | 6219 - Coral Pearls Balance-2-23.xls; Untitled attachment 00970.htm |

| | |
|---|---|
| **Flag Status:** | Flagged |

Sent from my iPhone

Begin forwarded message:

> **From:** David Greenberg <david@greenbergcompany.com>
> **Date:** February 23, 2013 at 10:03:36 AM CST
> **To:** "'lv@larryvick.com'" <'lv@larryvick.com'>
> **Cc:** "'rsommers@nathansommers.com'" <rsommers@nathansommers.com>, 'Jim Daniels'
> <jimdani@ictglobal.org>
> **Subject: RE: Coarl Pearl - Jim Nnah**
> **Reply-To:** David Greenberg <david@greenbergcompany.com>
>
> Mr. Vick
>
> We agreed through our bankruptcy attorney to sell the note to Mr. Nnah for the unpaid balance of the note. We initially calculated the sum of $683,920.10 due under the note which we received yesterday evening by wire transfer. We double checked our calculations prior to completing the sale and realized that we failed to include the ad valorem property taxes for years 2011 and 2012. These taxes totaled $71,780.24 and were advanced under the note and pursuant to the deed of trust. Please wire transfer$71.780.24 to our account so that we can complete this transaction on the agreed terms by Monday February 25, 2013.
>
> Thanks
>
> **David Greenberg**
> **Greenberg & Company**
> **5959 Richmond, Suite 440**
> **Houston, Texas 77057**
> **Tel. 713-778-0900**
> **Fax. 713-782-7445**

1

201